**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAN JIANG; ZHU JI; XIAO XIAO JIANG,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  13-71266<br><br>Agency Nos.   A089-893-237<br>A089-893-238<br>A089-893-239<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 28, 2017[**]
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

Nan Jiang ("Jiang"), Zhu Ji, and Xiao Xiao Jiang petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying Jiang's applications for asylum and withholding of removal.[1] We deny the petition.

Substantial evidence supports the BIA's decision. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The IJ noted discrepancies between Jiang's testimony and other evidence in the record, and determined that Jiang should provide corroborating evidence of his regular church attendance in the United States and proof that his child, petitioner Xiao Xiao Jiang, lived in Hawaii.

"Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). If the IJ requires corroboration, "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011).

---

[1] Zhu Ji, Jiang's spouse, and Xiao Xiao Jiang, Jiang's child, are derivative beneficiaries of Jiang's asylum application. *See* 8 U.S.C. § 1158(b)(3).

Jiang was given notice of the IJ's decision and a two-day continuance of the hearing to allow him the opportunity to obtain the required evidence. Jiang submitted an additional letter regarding his church attendance, but the IJ found this evidence was also inconsistent with his testimony. Jiang had testified that he would be able to bring his child to court, but he did not do so and offered no explanation for his failure to present his child or other evidence that she lived in Hawaii.[2] The IJ and BIA concluded that such evidence was reasonably obtainable, and a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable. *See* 8 U.S.C. § 1252; *see also Shrestha*, 590 F.3d at 1047. In light of Jiang's failure to provide available corroborating evidence, a reasonable trier of fact would not be compelled to find that Jiang met his burden of proof.

Jiang failed to establish that he qualified for the requested relief, and the court need not review the additional reasons for the denial of his applications or the alternative finding that Jiang, even if credible, failed to establish past persecution or a well-founded fear of future persecution in China.

The petition for review is DENIED.

---

[2] Jiang also failed to challenge this basis of the denial in his petition for review.

3